**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| VINCENT X. LEE, ) | | |
| Register No. 37915, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4108-CV-C-NKL | |
| ) | | |
| DAVE DORMIRE, Superintendent, et al., ) | | |
| ) | | |
| Defendant. ) | | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff was granted leave to proceed in forma pauperis on May 17, 2005. On May 25, 2005, plaintiff filed a motion for an extension of time in which to pay his initial filing fee and for leave to name additional defendants and to submit evidence proving a conspiracy.

Plaintiff's motion to name additional defendants and to submit evidence proving a conspiracy should be denied because such claims are habeas corpus claims. It appears from the exhibits submitted with plaintiff's motion that his motion to amend should be denied because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. *Heck*, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which

otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976), *cert. denied*, 425 U.S. 915 (1976).

Plaintiff's motion to amend should be denied. If plaintiff is able to invalidate his conviction or sentence, he may refile his claims under section 1983 at that time.

Plaintiff's motion for an extension of time in which to pay the initial filing fee will be granted; however, plaintiff is advised that, absent exigent circumstances, no further extensions of time will be granted.

IT IS, THEREFORE, ORDERED that plaintiff is granted an extension of time until June 27, 2005, to pay the initial filing fee in the amount of $1.70 [11]. It is further

RECOMMENDED that plaintiff's motion to name additional defendants and to submit evidence of a conspiracy be denied [11].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

2

Case 2:05-cv-04108-NKL    Document 13    Filed 06/08/05    Page 2 of 3

Dated this 8th day of June, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3