IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VINCENT X. LEE, <br> Register No. 37915, <br><br> Plaintiff, <br><br> v. <br><br> DAVE DORMIRE, Superintendent, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 05-4108-CV-C-NKL |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 20, 2005, defendants filed a motion to dismiss, pursuant to 42 U.S.C. § 1997(e), citing plaintiff's failure to grieve any of the claims in his complaint. Plaintiff filed a response stating that in 1989 he filed a complaint with the court, *Lee v. Armontrout*, No. 89-4481 (W.D. Mo. 1993), and pursuant to the outcome of such case, the court advised that if the violations should persist (free exercise of religion), that he could immediately file for legal action with the court. Plaintiff alleges, therefore, he need not address his current claims via the administrative grievance process.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the January 1, 2004, Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. *See* Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(11) (Jan. 1, 2004). Furthermore, section 1997e(a) requires that an

inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff cannot circumvent the requirements of section 1997e by alleging that claims disposed of by this court in 1993, in a separate case, dealing with different and separate claims, preclude him from being required to comply with the mandatory exhaustion of administrative remedies required by section 1997e. Plaintiff's complaint should be dismissed, without prejudice, because exhaustion of administrative remedies prior to the initial filing of the complaint is mandatory, pursuant to 42 U.S.C. § 1997e. *Johnson v. Jones*, 340 F.3d at 627-28.

In light of this court's recommendation of dismissal, plaintiff's June 20, 2005, motion to amend such claims to name additional defendants should be denied.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion to amend be denied [17]. It is further

RECOMMENDED defendants' motion to dismiss be granted and plaintiff's claims be dismissed, without prejudice, pursuant to 42 U.S.C. 1997e, for failure to exhaust administrative remedies [16].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 29th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3